IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:06-cv-0755-JDT-TAB |
| | ) | |
| OCMC, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

**I. Introduction.**

On May 11, 2006, Plaintiff PNC Bank, National Association sued Defendant OCMC, Inc. for failure to pay Plaintiff amounts due under the revolving credit and security agreement between the parties. [Docket Nos. 1, 15.] In its attempt to recover its loan, Plaintiff discovered financial trails possibly leading to non-parties Joseph Pence, Ann Bernard, Brad Benge, BT&M Investments, and Fugger LLC (collectively "the non-parties"), and thus issued subpoenas to them on or around July 20, 2006. [Docket Nos. 29, 32.] To date, the non-parties have not produced any documents to Plaintiff, prompting Plaintiff to file a motion to compel. [Docket No. 89.] The Court held a hearing on the motion to compel on July 31, 2007. [Docket No. 109.] For the reasons set forth below, the Court grants in part and denies in part Plaintiff's motion to compel. [Docket No. 89.]

**II. Discussion.**

The non-parties argue they do not need to supply Plaintiff with the requested documents because, while Defendant could possibly initiate a claim against the non-parties if the funds were

1

illegitimately transferred by them, Plaintiff has no secured interest in a claim against the non-parties.  Plaintiff responds that although Federal Rule of Civil Procedure 26(b)(1) generally limits discovery to matters that are "relevant to the claim or defense of any party," Rule 26 also allows a court to order discovery "on any matter relevant to the subject matter involved in the action" if good cause is shown.  Plaintiff argues there is good cause because this case is worth over $20 million, one of the non-parties is a party in related litigation, Plaintiff has documents implying that the non-parties may be diverting money from OCMC, and a receiver has been appointed.

     These points—particularly that a receiver has been appointed—establish good cause.  On May 12, 2006, the Court determined that Defendant is indebted to Plaintiff, is currently operating at a loss, and is unable to meet its obligations as they become due.  [Docket No. 15.]  The Court appointed a receiver to preserve Defendant's assets and liquidate Defendant in an orderly manner.  This receivership was explicitly established for the benefit and protection of the rights and interests of Plaintiff.  The receiver was authorized to conduct investigations and was given all necessary powers to manage Defendant's assets.  The receiver's representative stated at the July 31 hearing that the receiver has not pursued the information sought by Plaintiff but would do so if it is denied to Plaintiff.  Whether Plaintiff receives this information directly or through the receiver is irrelevant, unless the non-parties are subjected to duplicative discovery by Plaintiff and the receiver, which the non-parties expressed at the hearing was the main reason they had not yet produced any documents.  Given that Plaintiff is funding the receiver, duplicative discovery is unlikely.  Nevertheless, all discovery of the non-parties obtained by Plaintiff shall be shared with the receiver to avoid this possibility.  Furthermore, while Plaintiff

is entitled to discovery from the non-parties, it is not entitled to the extent requested by Plaintiff in the subpoenas.

Federal Rule of Civil Procedure 45(c)(3)(A)(iv) allows the Court to modify a subpoena that subjects a person to undue burden. The subpoenas issued by Plaintiff are unduly burdensome and shall be limited. Referencing pages five through eight of Plaintiff's brief in support of motion to compel, [Docket No. 91], BT&M Investments and Fugger LLC shall provide:

(1) all bank records, as indicated in ¶ 2(a), but from 2004 to present;

(2) the contracts or agreements, but not the documents related thereto, requested in ¶ 3;

(3) formation documents for OCMC, its predecessors, subsidiaries, and affiliates.

Referencing pages five through eight of Plaintiff's brief in support of motion to compel, [Docket No. 91], Joseph Pence, Ann Bernard, and Brad Benge shall provide:

(1) the tax returns and forms filed, as requested in ¶ 1, but from 2004 to present;

(2) the contracts or agreements, but not the documents related thereto, requested in ¶ 3;

(3) the employment agreements or terms of employment, but not the documents related thereto, requested in ¶ 4;

(4) the contracts or agreements, but not the documents related thereto, requested in ¶ 5;

(5) all documents reporting compensation from OCMC, its predecessors, subsidiaries, and affiliates, including insurance policies and other benefits, from 2004 to present;

(6) formation documents for OCMC, its predecessors, subsidiaries, and affiliates.

(7) documents indicating expenses greater than five thousand dollars for which the non-parties sought payment or compensation from OCMC, its predecessors, subsidiaries, and

while the non-parties were employed with OCMC;.

(8) all billing records or documents indicating tapes sold, purchased, or obtained by OCMC to Happy Jack or Telliss Group while the non-parties were employed with OCMC;

(9) any documents summarizing the assets once owned, controlled, or purchased by OCMC;

(10) the trust instruments for the JP Trust, BB Trust, BT Trust, 3GT Trust, and SH Trust; and

(11) the list described in ¶ 26, if it exists.

### III.  Conclusion.

For the above stated reasons, the Court grants in part and denies in part Plaintiff's motion to compel.  [Docket No. 89.]  The motion is granted to the extent that, within twenty days of this order, the non-parties shall produce the documents as described above.  Plaintiff's motion is denied in all other respects.

Dated:  08/10/2007

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:
Jon B. Abels
DANN PECAR NEWMAN & KLEIMAN P.C.
jabels@dannpecar.com

Jerald I. Ancel
SOMMER BARNARD ATTORNEYS, PC
jancel@sommerbarnard.com

Jeffrey R. Gaither
BOSE MCKINNEY & EVANS, LLP
jgaither@boselaw.com

Jeffrey John Graham
SOMMER BARNARD ATTORNEYS, PC
jgraham@sommerbarnard.com

James Patrick Hanlon
BAKER & DANIELS
jphanlon@bakerd.com

Jay Jaffe
BAKER & DANIELS
jay.jaffe@bakerd.com

James P. Moloy
DANN PECAR NEWMAN & KLEIMAN
jmoloy@dannpecar.com

William L. O'Connor
DANN PECAR NEWMAN & KLEIMAN
woconnor@dannpecar.com

Michael P. O'Neil
SOMMER BARNARD ATTORNEYS, PC
moneil@sommerbarnard.com

Marisol Sanchez
BOSE MCKINNEY & EVANS, LLP
msanchez@boselaw.com

William H. Schorling
BUCHANAN INGERSOLL & ROONEY PC
whschorling@klettrooney.com

Christopher William Smith
BAKER & DANIELS
christopher.smith@bakerd.com

Ann Marie Waldron
annmarie.waldron@sbcglobal.net